IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:06-1011-CMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Jonathan Giannone, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's fourth motion for release on bond. Defendant posits several reasons why he should be granted bond at this time. The Government has responded in opposition. Defendant has replied to the Government's response.

On January 7, 2010, the Fourth Circuit Court of Appeals issued an Opinion in Defendant's appeal, affirming his conviction on all counts but vacating his sentence and "remanding for resentencing without the two-level enhancement under U.S.S.G. § 2B1.1(b)(10)." *United States v. Giannone*, 2010 WL 55583 (4th Cir., Jan. 7, 2010) (unpublished). On January 21, 2010, Defendant filed a timely petition for rehearing and rehearing en banc, which was recently denied by Order of the Fourth Circuit. *See* Fourth Circuit Court of Appeals Case No. 07-4844 (Dkt. # 179, filed Feb. 2, 2010).

Defendant presents a variety of arguments in support of his motion for bond. Most of Defendant's arguments in support of his motion are, in reality, in favor of a lower sentence than was previously imposed by this court. While some of these arguments may potentially be raised at sentencing,[1] the court finds Defendant's arguments to be unpersuasive relating to why he should be

_____

[1] The court notes that some of Defendant's arguments for a lower sentence may be foreclosed at his resentencing. "[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the

1

released on bond at this time. Defendant's resentencing has been set for March 23, 2010, and

Defendant will be returned to this district post-haste. Therefore, Defendant's motion for bond is

**denied**.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 3, 2010

---

same case." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir.1999) (internal citation and quotation marks omitted). The law of the case must be applied

> in all subsequent proceedings in the same case in the trial court or on a later appeal
> ... unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*Id*. (internal citation and quotation marks omitted); *see Doe v. Chao*, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions). Therefore, some arguments which were either previously raised at his sentencing or on appeal, or could have been raised, but were not, may potentially be foreclosed at Defendant's resentencing. *See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").