IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | Criminal No: 3:06-1011 (CMC) |
|---|---|---|
| | ) | |
| V. | ) | |
| | ) | |
| **JONATHAN GIANNONE** | ) | RESENTENCING MEMORANDUM |
| | ) | |

This matter is before the Court for resentencing following remand from the Fourth Circuit Court of Appeals. On appeal, the government conceded that the wrong version of the federal sentencing guidelines were used at sentencing and that as a result a two-level enhancement was incorrectly added.[1] The Fourth Circuit affirmed the defendant's conviction, vacated his sentence, and remanded for resentencing. The defendant now seeks to relitigate issues that were addressed and rejected in his first appeal. He also seeks to raise new issues not previously addressed at the original sentencing.

MANDATE RULE

The defendant references United States v. Fields, 552 F.3d 401 (4th Cir. 2009), in support of his contention that his resentencing should be a de novo proceeding. This reliance is misplaced. The question of the scope of the resentencing involves the application of the "mandate rule" which "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." United States

---

[1] This error was not caught by any of the parties during the PSR review process. Neither were there any objections at the original sentencing to the enhancement.

v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). There are limited exceptions to this rule. They are where there is "(1) a showing that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the decision will, if uncorrected, result in a serious injustice." United States v. Aramony, 166 F.3d 655, 662 (4th Cir. 1999). None of these exceptions apply here.

Fields, cited above, is not to the contrary. There, the Fourth Circuit stated that in its prior opinion and remand "we did not limit our remand order to a specific issue." As a result, the Fields resentencing was properly regarded as "essentially" a de novo proceeding. In the Giannone appeal, on the other hand, the Fourth Circuit was remarkably precise and stated that "we affirm Giannone's convictions and vacate his sentence, remanding for resentencing without the two-level enhancement under U.S.S.G. 2B1.1(b)(10)." This limitation therefore circumscribes the scope of the Court's authority in this resentencing. Despite our position that the mandate rule does not permit the Court to consider other issues, the government will briefly comment on issues raised by the defendant.

## LOSS CALCULATIONS

The defendant challenges the accuracy of the loss calculations found by the Court at the original sentencing. Issues relating to loss were raised in defendant's direct appeal. The Fourth Circuit said that the defendant's arguments "overlook[ed] that the Sentencing Guidelines require that the *greater* of the actual or intended loss be applied in computing an offense level." United States v. Giannone, No. 07-4844, 2010 WL 55583, *4 (4th Cir. January 2, 2010). Defendant's current argument is that the Court erred in its calculation of the intended loss. This argument, if it had any validity, should have been raised in the original sentencing.

It does not matter that the argument was not raised previously, because it is factually incorrect. The defendant argues that the discovery materials relating to this issue show that the available balances of the debit accounts does not exceed $120,000 as found by the Court. After the defendant made this assertion, the government examined anew the same records that the defendant relies upon for his contention. The results of this review are essentially the same as before. Testimony at trial set the aggregate available balance at $132,327.17. This figure was incorporated in the presentence report. Special Agent Brad Smith did the original computations, and Special Agent Bobby Kirby conducted the re-examination. Agent Kirby has a bachelor's degree in business economics, a master of business administration degree, and a background in banking.

Agent Kirby reached essentially the same conclusions as Agent Smith. The difference is attributed to the methodology employed by Kirby who based his calculations on (1) the ending balance for the day prior to receipt of the stolen debit card numbers, (2) a random balance on the day that the numbers were received, and (3) the ending balance on the day of receipt. The aggregate of each is $140,696.92, $140,568.44, and $135,965, respectively. A copy of the speadsheet prepared by Agent Kirby has been provided to counsel for the defendant. It will be sent to the Court by separate email and not filed in the public record because it contains the names and account numbers of the many victims in this case.

## ROLE IN THE OFFENSE

The defendant argues that he should receive a reduction for mitigating role in the offense. He submits that he was merely a middleman for the larger supplier of stolen debit and credit card numbers. If the issue at sentencing had been whether he should be held accountable for all of the access devices available through this supplier, this argument might have had merit at the

original sentencing. He was being not held accountable for matters beyond his direct involvement, and the argument relating to role in the offense was not previously raised. He has presented no arguments that merits considering it now.

## REDUCTION FOR POST OFFENSE REHABILITATION

While imprisoned, the defendant has apparently taken advantage of various educational and treatment services offered by the Bureau of Prisons. In the view of the government, however, the most significant evidence of rehabilitation is acknowledgement of the crime committed. In this, the defendant has failed miserably. He continues to couch his arguments in terms of acts that he is "alleged" to have committed. On appeal, he pursued the same fraudulent argument that Chris Cutler was the true criminal and that Cutler framed the defendant. When the government pointed out that the defendant had admitted to Agents Smith and Kirby that he falsely created the chat transcript that purportedly proved Cutler's guilt, the defendant caused his attorneys to make an explicit denial of this admission in a filing with the Fourth Circuit. This type of conduct is utterly inconsistent with rehabilitation.

The defendant fares no better on arguments relating to participation in the Bureau of Prisons residential drug abuse program (RDAP). By statute and regulation, upon successful completion of RDAP, a defendant may receive a reduction in his sentence. This determination, however, is left to the discretion of the Bureau of Prisons. Unless and until the defendant successfully completes this program, he is entitled to precisely nothing.

Arguments based upon interruptions to his participation in RDAP fare no better. RDAP is typically available toward the end of a sentence. Here, there were significant delays before the matter was presented to the Fourth Circuit. Had these delays not been present, this resentencing would have taken place in ample time to both participate in RDAP and get full

advantage of the benefit of the time reductions. The delays were the result of the defendant's own tactical maneuvers.

The defendant has been in custody since March 8, 2007, the day he was convicted. The defendant's opening appellate brief was not filed until March 25, 2009. Between conviction and this brief, the defendant filed seven motions with the Fourth Circuit to either extend the time for submitting his opening brief or to place the briefing schedule in abeyance. The government was granted one extension and filed its brief on June 4, 2009. The defendant then sought an extension of time to file his reply brief which he ultimately filed on July 17, 2009. Oral argument was heard on December 2, 2009, and the Fourth Circuit issued its opinion on January 7, 2010. The defendant created the situation that causes an interruption to participation in RDAP. He should not benefit from issues he caused.

## OTHER MATTERS

To the extent that the Court considers matters beyond the scope of the mandate, the government observes that in addition to missing the two-level enhancement issue that resulted in this remand, it missed an enhancement for number of victims that should have been raised with the Court at the original sentencing. The defendant was convicted of supplying 29 access devices to the undercover investigation. Of these, more than ten were active and had available account balances. Each of these account owners was a potential victim. Accordingly, a two level enhancement should have been imposed pursuant to Guideline Section 2B1.1 (b)(2)(A). This enhancement, however, was not in the original presentence report, and the government did not notice the omission. Similarly, it is not in the current presentence report. Consistent with its position on the Mandate Rule, the government does not seek to include it now. If, however, the Court considers matters beyond the scope of the remand, the government submits that this

enhancement should be considered.

## SUMMARY

Based upon the foregoing arguments and law, the government submits that this Court is limited to resentencing the defendant without the two-level enhancement as directed by the Fourth Circuit in its opinion.

Respectfully submitted,

KEVIN F. MCDONALD
United States Attorney


By: <u>s/ Dean A. Eichelberger</u>
     Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of the United States Attorney for the District of South Carolina, and on March 19, 2010, I caused to be served one true and correct copy of the RESENTENCING MEMORANDUM in the above-captioned case via the court's e-noticing system, but if that means failed, then by regular mail, on the following person(s)**:**

>William Rhett Eleazar
>912 Lake Spur Lane
>Chapin, SC 29036

>s/Dean A. Eichelberger
>Assistant United States Attorney