IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | 3:06-CR-01011-001CMC |
| | ) | |
| -vs- | ) | |
| | ) | SENTENCING MEMORANDUM |
| JONATHAN GIANNONE | ) | |
| _____ | ) | |

The above defendant, by and through his undersigned attorney, would respectfully submit the following as his Sentencing Memorandum for the court's consideration:

The first issue the defendant requests the court to consider is whether or not the resentencing pursuant to the mandate of the Fourth Circuit of Appeals allows for a *de novo* sentencing of the defendant on all of the issues raised by the Objections to the Presentence Report. Although at first reading of the opinion it appears that the resentencing should be limited to a correction of his advisory guidelines by two levels since the mandate states: "In sum, we affirm Giannone's convictions and vacate his sentence, remanding for resentencing without the two-level enhancement under U.S.S.G. Section 2B1.1 (b)(10)", the defendant would ask the court to address this issue based upon a recent decision in a similar case.

In *US v Fields*, 552 F 3d 401 (4th Cir 2009), the Fourth Circuit called for a *de novo* resentencing in a similar case where the wrong version of the United States Sentencing Guidelines were used at the initial sentencing of the Defendant. Although the Court of Appeals in the case at bar did not directly address the fact that the wrong version of the Guidelines were used at the original sentencing, no one

PDF created with pdfFactory Pro trial version www.pdffactory.com

disputes that fact.

The Defendant would request that the court conduct a *de novo* resentencing in this case, especially since there was no actual loss and the "potential" loss figures used at the initial sentencing were at the highest level.

The sentencing guidelines at Section 2B1.1 (b)(1) provide for a minimum imputed loss figure of $500 per access device. This is the figure that was used in the related case of *US v Christopher Cutler*, 3:06-856, in the Plea Agreement signed by the AUSA. If this approach were used in this case the guidelines would be significantly lower.

It is submitted that the most accurate "intended loss" figure would be the daily spending limit for each of the access devices for the period in question. This would be limited to only those access devices which could in fact be used. It is submitted that some of them did not contain proper names entitling the holder to access.

This request for these calculations by the Bank of America fraud expert was made to the AUSA, but he has declined to calculate these figures.

The defendant requests the court to consider is what he has done during his period of incarceration. While incarcerated, he has completed various programs and college level courses which demonstrates that Jonathan has attempted to better himself and shows evidence of rehabilitation. These certificates will be presented to the court for information and consideration. He also will submit his most recent BOP Program Evaluation Statement for the court's consideration

As an additional factor, the defendant will have his mother in attendance at his sentencing. Although his father planned on attending, he was unable to have

PDF created with pdfFactory Pro trial version www.pdffactory.com

another doctor cover for him and will not be able to be present.  This show of support is so the court will know Jonathan will have a wholesome and loving environment, upon his release and with the hope for some favorable consideration from the court.

Additionally, the court should know that Jonathan has steady employment waiting for him upon his release.  A written offer of employment will be presented.

The Defendant would request the court to consider his Motion For A Variance from the sentencing guidelines for all the reasons stated in that motion.

Lastly, Jonathan has been incarcerated in Michigan which is a considerable distance from his home, and he would ask the court to recommend a camp, if he is qualified, and placement near his family in New York for the remainder of his sentence.

*S /W. Rhett Eleazer*
W. Rhett Eleazer
912 Lake Spur Lane
Chapin, South Carolina  29036
Chapin, SC       (803) 345-1379
         Attorney for Defendant

March 21, 2010

PDF created with pdfFactory Pro trial version www.pdffactory.com