August 3, 2012

Honorable Cameron McGowan Currie
United States District Judge
901 Richland Street
Columbia, South Carolina 29201

Jonathan Giannone
P.O. Box 528
Rockville Centre, New York 11571

Re: United States v. Giannone
Docket No: 3:06-CR-01011-CMC-1

Dear Judge Currie:

    I am writing this letter to inquire if this Court still has the authority to hear a request for early termination of supervised release pursuant to 18 U.S.C. §3582(e)(1) and Rule 32.1(c), as I understand the jurisdiction of my supervised release was transferred and accepted by the Honorable Leonard D. Wexler of the Eastern District of New York.[1]

    The issue of jurisdiction is important because the Second Circuit's understanding of 18 U.S.C. §3582(e)(1) is much more narrow than the Fourth Circuit's. Early termination "is warranted only 'occasionally,' when 'changed circumstances--for instance, exceptionally good behavior by the defendant . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" United States v. Weintraub, 371 F. Supp. 2d 164, 166 (D. Conn. 2005) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). See also United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that defendant's resumption of his "pre-incarceration life," including the restoration of family participation, "are expected of a person on supervised release and do not constitute the 'exceptional behavior'" contemplated.

    As I understand from hours of research on Lexis Nexis it is routine for this district to grant early terminations of supervised release when the Defendant has served at least 50% of the required term and has remained fully compliant with the probation office by obeying all rules and maintaining steady employment and residency. See United States v. Kelly, Criminal No: 3:05-CR-464-CMC; 2012 U.S. Dist. LEXIS 11123 (D.S.C. January 31, 2012); United States v. Govan, Criminal No: 5:01-CR-84-CMC; 2012 U.S. Dist. LEXIS 46684 (D.S.C April 3, 2012); United States v. Canazater, Criminal No: 3:02-CR-134-CMC; 2012 U.S. Dist. LEXIS 8274 (D.S.C. January 25, 2012).

---

[1] According to Pacer my supervised release is docketed under United States v. Giannone, No: 2:12-CR-00393-LDW-1 and Judge Wexler entered an order on June 20, 2012 "That jurisdiction over the above-named probationer/supervisedreleasee br accepted and assumed by this Court from and after the entry of this order." See dkt:02.

1

The Fourth Circuit has also stated that "The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999).

While the jurisdiction over the management of my supervised release has been transferred, I still believe that this Court has the authority to modify the sentence it imposed pursuant to 18 U.S.C. §3582(e)(1) because 18 U.S.C. §3605 does not specifically state that the sentencing court loses jurisdiction upon transfer. It merely provides the legal authority for the receiving district to exercise all powers under the relevant chapter over the probationer/release.

Some case law appears to support my contentions about the issue of jurisdiction. See United States v. Bailey, 257 Fed. Appx. 210 (11th Cir.2007); United States v. King, 608 F.3d 1122, 1127 (9th Cir.2010). Alternatively, the Rule of Lenity applies as 18 U.S.C. §3605 does not specify that the sentencing court loses jurisdiction upon acceptance of a transfer. See United States v. Hayes, 129 S.Ct. 1079 (2009); United States v. Santos, 128 S.Ct. 2020,2025 (2008)

Alternatively, this Court may review this request for early termination under the general jurisdiction of the district courts over criminal cases as empowered by 18 U.S.C. §3232 or this court's "supervisory powers" as per the All Writs Act 28 U.S.C. §1651.

Since my October 28, 2010 release from federal prison I have maintained employment at Wayside Autobody Inc in Jamaica New York and returned to college to pursue my higher education. I spent the entire summer of 2010 working full time at Wayside and attending Nassau Community College as a full time student. In the September of 2010, I left Wayside as a full time employee to endure an 18 credit semester at Nassau Community. However as a token of my appreciation for hiring me while in the halfway house I continue to work periodically at Wayside fixing computers and other related technical issues without pay.

My career at Nassau Community College ends next week with me being awarded an Associate's Degree in Liberal Arts and Sciences. My graduation GPA is 3.14.[2]

This past April I received an acceptance to the State University of New York (SUNY) at Buffalo after the committee on judicial affairs agreed that I deserve a chance at proving myself behavioral wise and academically. I have now enrolled and am registered for classes starting on August 27, 2012. I have also agreed to be a student volunteer for purposes of helping incoming students with the admission process and open house events. I am expected to earn my B.A. in Political Science & International Politics later this year.

In addition to my academic achievements I have also completed a substance abuse treatment program as mandated by this Court as a special condition of my supervised release. This program was operated by Day Top Village Inc. and required one two hour group meeting and one hour long individual meeting every week in addition to weekly substance abuse testing. After completion of this program I was placed on Random Urine Testing through U.S. Probation. At no point did I ever have a positive urine test result.

---

[2] This GPA is cumulative and includes my previous academic performance in 2005 when I failed out of the college.

With the exception of my loss of First and Fourth Amendment protections on my computer[3], supervised release has not interfered with me moving forward with my life academically and vocationally. However, this has recently changed and now supervision is preventing me from obtaining various offered internships through SUNY Buffalo. SUNY Buffalo's Political Science Department has agreements with various local city and state offices to provide an enhanced learning experience. My school email receives almost weekly offers of positions but after following up via telephone they are unable to accept applications from anyone serving any type of criminal justice sentence.

According to the United States Sentencing Commission the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them[4]. This is also consistent with the legislative history of 18 U.S.C. §3583[5].

At this stage in my life supervised release is actually preventing me from advancing my education and possible post-college career. Supervised release has served its purpose in "reintegrating me into the community" but now as run afoul of it's congressionally intended powers and is actually serving as a punishment by preventing me from moving forward.

I have served nearly 50% of my supervised release sentence and have been fully compliant with all conditions of my release. I have either remained gainfully employed or have been in school full time. I have also completed the required substance abuse treatment program and have passed all urine tests without issue. The interest of justice warrant early termination of my supervised release so that I may move forward with my life in Buffalo while attending school and hopefully being employed through a school sponsored intership.

My Probation Officer Andrew Jingeleski has advised me that he takes "no position" on an application for early termination.[6]

Therefore, based on the aforesaid law on jurisdiction, the Rule of Lenity, the All Writs Act and in the interest of justice, I am respectfully requesting that this Court exercise its authority as

---

[3] The Computer and Internet Monitoring Program (CIMP) subjects all of my electronic communications, web searches and files to monitoring and search by U.S. Probation at any time. CIMP also restricts me from chat rooms, forums and social media websites such as Facebook or Twitter. This condition is ultimately a complete loss of my First and Fourth Amendment rights and also applies to anyone else residing in my household as the monitored computer is the only computer permitted to be in the house. My brother has elected to live elsewhere in order to maintain his constitutionally protected rights.

[4] http://www.ussc.gov/Research/Research_Publications/Supervised_Release/20100722_Supervised_Release.pdf

[5] See S. Rep. No. 98-225 at 124 (1983) (explaining that the goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

[6] The U.S. Probation Department for the Eastern District of New York has a policy against early termination of offenders. See United States v. Froelich, 2011 U.S. Dist. LEXIS 45369 (E.D.N.Y. April 27, 2011) stating "Having considered the relevant factors as well as **probation's policy against early termination**, the undersigned is satisfied that the interests of justice will not be served by terminating defendant's probation before she has served her sentence." (Emphasis Added)

3

the sentencing court to modify the length of my supervision to reflect a termination as of August 27, 2012.[7]

Sincerely,

Jonathan Giannone

Cc:

Dean A. Eichelberger Esq.
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201

Dickie Brunson
Chief Probation Officer
United States Probation Office
1835 Assembly Street
Ste. 611
Columbia, South Carolina 29201

Andrew Jingeleski
United States Probation Officer
202 Federal Plaza
Central Islip, New York 11722

---

[7] This is the date that the fall semester starts at SUNY Buffalo.
See http://registrar.buffalo.edu/calendars/academic/academic2012-13.php

4